USDC/CT/NH
02-cv-479
Underhill

MANDATE

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

FILED

# SUMMARY ORDER

Sep 21   1 ·22 PM '04

U.S. DISTRICT COURT
NEW HAVEN CONN

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the ___6th___ day of __April__, two thousand and four.

PRESENT:

JOSÉ A. CABRANES
ROSEMARY S. POOLER
    *Circuit Judges*
JANET C. HALL
    *District Judge**



_____

A. LIPKO, JR.,

    Plaintiff-Appellant,

     v.                            No. 02-9099

MARGARET CHRISTIE,

    Defendant-Appellee.

_____

APPEARING FOR APPELLANT:    A. LIPKO, JR., New Haven, CT, *pro se*.

APPEARING FOR APPELLEES:    CHRISTINE M. GONILLO, Milford, CT.

_____

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _Deborah Holmes_
DEPUTY CLERK

— ISSUED AS MANDATE:    SEP 15 2004    —

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*) entered August 13, 2002 dismissing plaintiff's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff has conducted ten years of litigation challenging the 1993 probate of his father's estate, of which defendant, plaintiff's sister, was executrix. Plaintiff's litigation has included three probate appeals in the Superior Court of the State of Connecticut, five appeals to the State of Connecticut Appellate Court, and two petitions for certiorari to the Supreme Court of the State of Connecticut. In the federal courts, plaintiff has filed three matters in the United States District Court for the District of Connecticut, and this is his fourth appeal to this Court. He has also filed two petitions for certiorari to the United States Supreme Court. *See generally* Appellee's Br. att. 3.

Plaintiff's history of litigation against defendant eventually incited defendant to file suit against plaintiff in Connecticut state court, which yielded (1) a permanent injunction prohibiting plaintiff from filing further litigation delaying resolution of the probate of his father's estate, and (2) a damages judgment for vexatious litigation. *See Christie v. Lipko*, No. CV96 0053297S (Conn. Super. Ct. Aug. 17, 1997).

Lipko appealed the injunction portion of the judgment in state and federal courts. His federal complaint, filed while his state appeal was still pending, was dismissed by the United States District Court for the District of Connecticut for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, and this Court affirmed the District Court's judgment on appeal. *See Lipko v. Christie*, No. 99-6263, 2000 WL 357671 (2d Cir. Apr. 6, 2000) (unpublished). His state appeal was equally unavailing. *See* Defendant's Memo. in Support of Motion to Dismiss, *Lipko v. Christie*, No. 3:02 CV 479 (SRU), at 3 (D.Conn. Apr. 23, 2002).

Later, Christie obtained judgment liens against two pieces of real property to secure the damages judgment against Lipko. *See* Compl. at 3. Lipko's attempts in state court to challenge the damages judgment led to the imposition of monetary sanctions against him in the amount of $1,485, for filing a frivolous appeal. *See* Defendant's Memo. in Support of Motion to Dismiss, *Lipko*, No. 3:02 CV 479 (SRU), at 6.

On March 19, 2002, plaintiff filed the federal complaint at issue in the instant appeal, which sought to vacate the judgment liens on his property and to enjoin defendant from taking any action to enforce the state court damages judgment. The District Court first denied plaintiff a temporary restraining order preventing the imminent foreclosure of his home pursuant to one of the judgment liens, because plaintiff "ha[d] failed to demonstrate a

likelihood of success on the merits or sufficiently serious questions going to the merits."
*Lipko v. Christie*, No. 3:02 CV 479 (SRU), at 2 (D. Conn. May 9, 2002). Specifically, the
Court held that plaintiff's "claims [we]re, in all likelihood, barred by the Rooker-Feldman
doctrine." *Id.*

In its order denying plaintiff a temporary restraining order, the District Court deferred
dismissal of plaintiff's complaint for lack of subject matter jurisdiction under *Rooker-Feldman*
in order to afford plaintiff the opportunity to make his case against such a dismissal. *See id.* at
4. After plaintiff submitted his opposition to defendant's motion to dismiss under *Rooker-
Feldman*, the District Court dismissed the appeal for lack of subject matter jurisdiction under
that doctrine. *See Lipko v. Christie*, No. 3:02 CV 479 (SRU), at 2 (D. Conn. Aug. 9, 2002). We
now affirm.

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising
jurisdiction over claims that seek to reverse or modify a state court judgment. *See Rooker v.
Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also District of Columbia Court of Appeals v.
Feldman*, 460 U.S. 462, 482 n.16 (1983) (noting that lower federal courts lack jurisdiction over
not only direct appeals of state court judgments, but also claims that are "inextricably
intertwined" with the determinations of a state court). As the District Court correctly
concluded, this complaint, like plaintiff's earlier complaint challenging the injunction imposed
against him in state court, which was dismissed under *Rooker-Feldman*, *see Lipko*, 2000 WL
357671, is merely a "collateral attack on [a] state court judgment," *Lipko*, No. 3:02 CV 479
(SRU), at 2 (D. Conn. Aug. 9, 2002). It is therefore outside the jurisdiction of the District
Court.[1]

In view of plaintiff's history of vexatious litigation, and the fact that he has not been
deterred from further filings in the District Court and this court by our earlier judgments
declaring our lack of jurisdiction to review state court decisions, at oral argument of this
matter we ordered plaintiff to show cause by letter to the Court why he should not be
prohibited from pursuing any further appeals before this Court without first obtaining leave
of the Court. *See, e.g., In re Martin-Trigona*, 737 F.2d 1254, 1264 (2d Cir. 1984); *In re Bill
Saunders*, No. 02-3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros v. Goettel*, No. 96-6169 (2d Cir.
Nov. 12, 1998). Because plaintiff has failed to show cause why he should not be subject to
such an order, and because existing injunctions and sanctions in state court have not deterred
him from initiating frivolous complaints and appeals in the federal courts, we now impose a
leave-to-file requirement in the Court of Appeals for the Second Circuit.

It is hereby ORDERED that the Clerk refuse to accept for filing any further

---

[1] Because we lack subject matter jurisdiction over plaintiff's complaint, we decline to reach the myriad
motions plaintiff has filed in our Court.

submission signed by the plaintiff unless he first obtains the leave of the Court to file such papers. *See, e.g., In re Martin-Trigona*, 737 F.2d at 1264; *In re Bill Saunders*, No. 02-3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros*, No. 96-6169 (2d Cir. Nov. 12, 1998); *see also In re Martin-Trigona*, 9 F.3d 226 (2d Cir. 1993) (upholding the Court's power to impose "leave-to-file" requirements).

For substantially the reasons stated by Judge Underhill in his orders of May 9, 2002 and August 9, 2002, the judgment of the District Court is **AFFIRMED**.

It is so **ORDERED**.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*

4